UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                    Case No.: 8:96-cr-318-TPB

STEPHEN LEE WILLIAMS,

    Defendant.

_____/

## ORDER DENYING "PETITION FOR WRIT OF ERROR CORAM NOBIS"

This matter is before the Court on Defendant Stephen Lee Williams' "Petition for Writ of Error Coram Nobis," filed by counsel on March 29, 2022.  (Doc. 23).  No response or evidentiary hearing is required.  *See United States v. Yadigarov*, 840 F. App'x 487, 491 (11th Cir. 2021) (finding that the district court did not abuse its discretion by denying petition for writ of coram nobis without an evidentiary hearing).  After reviewing the petition, court file, and the record, the Court finds as follows:

Defendant pled guilty to the charge of utilizing a telephonic device to facilitate a crime (possession of marijuana with intent to distribute).  On January 31, 1997, the Court sentenced Defendant to 5 months' incarceration, followed by 36 months supervised release.  Defendant now collaterally attacks his conviction, asserting that his former defense counsel was ineffective because (1) he did not advise Defendant of a viable entrapment defense, and (2) he failed to advise

Defendant of the direct consequences of his plea, including losing his rights to bear arms and vote.

The All Writs Act provides federal courts with the authority to issue writs of error coram nobis. 28 U.S.C. § 1651(a); *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Yadigarov*, 840 F. App'x at 490. In fact, "the writ may issue only where there is and was no other available avenue of relief and the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Id.* (internal quotations omitted).

In this case, Defendant claims that his counsel was ineffective for failing to advise him on the defense of entrapment and for failing to properly inform him of the direct consequences of his plea. Defendant could have pursued other avenues for relief, but he does not explain why he failed to do so. Namely, 28 U.S.C. § 2255 offered an avenue for relief, but Defendant failed to seek it.[1] *See id.* ("[A]n ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255."). As such, the petition is due to be denied.

In addition, the Court notes that Defendant's plea was accepted on November 5, 1996, and he was sentenced on January 31, 1997. The instant petition was filed

---

[1] Relief under §2255 is only available to those in custody. However, Defendant could have raised his ineffectiveness claims until the time his supervised release ended. *See Yadigarov*, 840 F. App'x at 490 (citing *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997)).

on March 29, 2022.  In the petition, Defendant provides no explanation as to why he waited for over twenty-five years to seek the requested relief.  As such, the Court finds that the petition is untimely.  *See Mills*, 221 F.3d at 1204.

  **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u> day of April, 2022.

_____

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**